# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Nov 30, 2023
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

location of the target cellular device with account associated to Phone Number 832-596-8820, referred to in this affidavit as the "Target Cellular Device". The service provider for the target cellular device is Verizon Wireless.

Case No. 23 MJ 237

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the ____Eastern____ District of ____Wisconsin____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2113(a) | Bank Robbery |

The application is based on these facts:
Please see Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Martin Keck, Task Force Officer, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ____telephone____ *(specify reliable electronic means)*.

Date: 11/30/2023

*Judge's signature*

City and state: Milwaukee, WI

Honorable William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Martin Keck, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c) to authorize law enforcement to employ electronic investigative techniques, as described in the following attachment, to determine the location of the target cellular device with account associated to Phone Number 832-596-8820, referred to in this affidavit as the "Target Cellular Device". The service provider for the target cellular device is Verizon Wireless. This affidavit is made in support of locating the phone by obtaining information from the service provider, e.g., cell site and other precision location information. In addition, because this request may be construed as a Pen Register / Trap and Trace device or request, the application for this warrant (which includes this affidavit) is intended to comply with 18 U.S.C. § 3122.

2. I am currently employed as a Detective for the Wauwatosa Police Department. I have been employed as a law enforcement officer for over sixteen years. Since October 2018, I have been assigned as a federally deputized Task Force Officer (TFO) on the Federal Bureau of Investigation (FBI) Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed motor vehicle robberies (carjackings), and other violent crime matters, defined under Title 18 of the United States Code. I have participated in the

investigation of numerous violent crimes, including armed bank robberies, armed motor vehicle robberies, and armed commercial robbery investigations in violation of Title 18, United States Code, Sections 924(c), 1951, 1956, 1957, 2113, and 2, and other related offenses. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, cellular telephone extractions, interviews, DNA collection, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities

3. I have conducted and/or assisted with investigations of violent crime violations in conjunction with agents and officers from other jurisdictions, and have received training from these agents and officers in conducting these investigations. I have also conducted and/or assisted with investigations that have led to the arrest of persons for violations of law dealing with commercial robberies.

4. This affidavit is based upon my personal knowledge, training and experience, and on information reported to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon my review of police reports, official records, citizen witnesses' statements, consent searches, recorded statements, law enforcement surveillance, surveillance video, court records, and public records which I consider to be reliable as set forth herein. The facts of this Affidavit are based upon information obtained from my investigation, as well as information I have received from other law enforcement officers.

5. Though there is reason to believe the target cellular device is currently located outside of the Eastern District of Wisconsin, there is probable cause to believe the user of the device committed a federal offense while in the Eastern District of Wisconsin and the device itself is evidence of that offense.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that Russell Roquemore is using the Target Cellular Device. I know from training and experience that cell phone users normally have their cell telephones with them, so locating a user's cell phone will show that user's location. I believe that locating the Target Cellular Device will constitute and lead to evidence of violations of Title 18, United States Code, Sections 2113(a) (Bank Robbery).

7. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included each and every fact known to me concerning this investigation. I have attempted to set forth only the facts I believe are pertinent to establishing the necessary foundation for the search warrants.

**PROBABLE CAUSE**

8. On Friday, October 27, 2023, at approximately 2:11pm, Wauwatosa Police Officers were dispatched to the Wells Fargo Bank located at 2675 North Mayfair Road, Wauwatosa, WI for a report of a robbery. Upon arrival, officers learned an individual servicing the Wells Fargo Bank ATM was robbed by force. A total of $170,650 U.S. currency was stolen during the robbery.

9. Wauwatosa Police Detective Jeremy Bronner spoke with the victim, identified as SRV. SRV stated that he is an employee of NCR Atleos and services ATMs. On October 27,

2023, at approximately 1:40pm, SRV arrived at the ATM located at the Wells Fargo Bank at 2675 North Mayfair Road to service the ATM. After being at the ATM for approximately thirty minutes, SRV observed two subjects walk towards him. One of the subjects pushed him backwards. The two subjects then grabbed two cassettes each (total of four cassettes) from the ATM and ran back to a white SUV parked near SRV's vehicle. The subjects then fled in the vehicle southbound on North Mayfair Road.

10. SRV described the two subjects as:

    a. Suspect 1 – Black male, unknown age, unknown height, thin build. He was wearing a light-colored long sleeve shirt, blue jean pants and gym shoes. The suspect's face was covered with a mask and he was wearing blue surgical gloves.

    b. Suspect 2 – Black male, unknown age, unknown height, thin build. He was wearing a light-colored long sleeve shirt, blue jean pants and gym shoes. The suspect's face was covered with a mask and he was wearing blue surgical gloves.

11. SRV described the vehicle the suspects fled in as a white Ford Bronco with Illinois plate.

12. SRV did not consent to being robbed.

13. Wauwatosa Police Detective Martin Keck is aware that video footage of the robbery was collected. The video shows two suspects wearing grey hooded sweatshirts, one with grey pants and one with black pants approach the ATM and take the cassettes out of the ATM.

The suspects are masked and wearing gloves. The video collected depicts a white Ford Bronco Sport with black rims and black tinted windows as the suspect vehicle.

14. A search of the scene by Detectives revealed recovery of a driver's license for **Paul Roosevelt Banks III (M/B XX/XX/1994)** in the parking lot where the robbery occurred. The driver's license was located directly behind (to the west of) the victim's work vehicle. This is the location the suspects came from prior to the robbery and ran to after the robbery. The driver's license was in a bundle of US currency folded in half. Banks has a listed address of XXX Junell St., Houston, TX 77088.

15. Detective Keck conducted a record check of Banks. The records check revealed Banks is currently on federal probation and has a fully extraditable warrant for a probation violation through the United States Marshalls Service. He was placed on probation for robbery. Banks has a criminal history involving armed robberies including ATM robberies and pharmacy robberies.

16. Investigators conducted a FLOCK check in the area of the robbery. FLOCK is a software program that allows users to search for vehicles and license plates captured by cameras that are dispersed throughout the Milwaukee area. The software allows you to search for vehicles by license plate or run queries based off of vehicle color, make and style. Investigators located a white Ford Bronco Sport with black rims and tinted windows bearing a California license plate of 9AFZ537 traveling northbound on North Mayfair Road at West Bluemound Road on October 27, 2023 at 1:32pm. Still images of the FLOCK image were compared with images of the suspect auto at the robbery scene and all of the features of the vehicle were found to be a match.

17. Additionally, a search of the FLOCK system revealed that the Ford Bronco was in Houston, Texas as late as 9:14pm on Wednesday, October 25, 2023. Thus, the vehicle traveled from Texas to Wisconsin sometime after 9:14pm on October 25, 2023. On October 26, 2023 at 3:57pm, the vehicle was captured by a FLOCK camera in the City of West Allis.

18. Detective Keck conducted a records check of CA license plate 9AFZ537 and learned that the vehicle is registered to a 2021 Ford. The VIN of the vehicle is 3FMCR9B63MRB31756. The vehicle is registered to Hertz Vehicles, LLC – a rental car.

19. Following the robbery, investigators continued to search FLOCK and other license plate cameras throughout the United States and did not get any readings on the vehicle.

20. Wauwatosa Police Detective Nick Stahl reviewed DOT video cameras in the area of the robbery. He concluded the suspect vehicle likely turned westbound on West North Avenue at North Mayfair Road. This turn lane is not captured by cameras, but all of the likely escape routes were recorded by cameras. In viewing all of the likely escape routes, the suspect vehicle was not captured, leading to Detective Stahl's conclusion that the vehicle likely turned westbound on West North Avenue.

21. On November 1, 2023, at approximately 12:55pm, Detective Keck and Milwaukee County District Attorney's Office Investigator Steven Strasser checked the area to the west of North Mayfair Road and West North Avenue and discovered the 2021 Ford Bronco bearing CA registration plates of 9AFZ537 located in the parking lot of Normandy Village, in the 2500 block of North 124th Street, in the City of Wauwatosa, County of Milwaukee, State of Wisconsin. The Normandy Village parking lot is approximately sixteen blocks to the west and approximately two blocks to the south of where the robbery occurred.

22.     The Ford Bronco was covered in snow, indicative of not traveling for at least the last day.  The vehicle was backed into a parking spot.  In plain view, detectives observed the passenger compartment was clean, but a water bottle was in the cup holder of the passenger's side front door.  The Ford Bronco was seized and towed to the Wauwatosa Police Department's secure evidence garage.

23.     On November 1, 2023, Detective Keck applied for and was granted a search warrant in Milwaukee County Circuit Court to forensically examine the recovered Ford Bronco that was used to commit the Robbery.

24.     On November 2, 2023, Detective Bradley Isaacson removed the Electronic Control Unit (ECU) as trained from the Ford Bronco.  Detective Isaacson used the digital forensic software Berla iVe tool to complete a logical acquisition from the module.  Detective Isaacson analyzed the data from vehicle's infotainment and telematics' systems.

25.     Detective Isaacson reviewed the Ford Bronco's tracklog which showed the vehicle was present in the Wells Fargo parking lot at the time of the Robbery.  The vehicle's track log showed the vehicle departed the bank's parking lot and traveled southbound on North Mayfair Road.  The vehicle turned westbound on West North Avenue and continued northbound on North 124th Street.  The vehicle then parked at Normandy Village.

26.     Detective Isaacson determined an iPhone with the friendly name of "Paul's iPhone" connected to the Ford Bronco at the following dates/times:

    a. <u>10/26/2023</u>

        i. 4:06:04am

b. <u>10/27/2023</u>.

   i. 6:17:35am

   ii. 7:01:13am

   iii. 7:15:51am

   iv. 12:58:07pm

   v. 2:17:30pm

   vi. 6:40:08pm

27. Detective Isaacson determined that "Paul's iPhone" was disconnected from the vehicle at 2:17pm on October 27, 2023, while parked at Normandy Village, 2500 block of North 124th Street in the City of Wauwatosa. This information is consistent with the vehicle's tracklog history and the ignition being turned off. This is the same location Detective Keck recovered the vehicle from.

28. With the use of the forensic tools, Berla iVe, Detective Isaacson identified "Paul's iPhone's" unique identifying number as A8FE9D66175D and a subscriber phone number of 713-658-5668. The service provider for the phone number is AT&T.

29. Detective Isaacson conducted additional analysis of the vehicle's tracklog on October 26, 2023, and October 27, 2023. Detective Isaacson determined the vehicle was present at the Super 8 by Wyndham, 7601 118th Ave, Pleasant Prairie, WI on the evening hours on October 26, 2023, and the early morning hours on October 27, 2023.

30. Detective Keck made contact at the Super 8 on November 2, 2023 and was shown the Ford Bronco on surveillance video. Detective Keck learned the renter of the room associated with the Ford Bronco was a Russell Roquemore and that the vehicle was present at the Super 8 on October 26th and 27th, 2023. The hotel staff provided an address of 1718 Granger St, Houston, TX for Roquemore.

31. Detective Isaacson also discovered the occupants of the Ford Bronco used the gas station north of the Super 8. The gas station was identified as Mobile Gas Station, 7511 118th St, Pleasant Prairie, WI. Detective Keck obtained surveillance video from the gas station on November 2, 2023, and observed an individual exit the Ford Bronco and entered the store. Still images were captured of the black male subject.

32. Additionally, Detective Keck utilized a law enforcement tool Automated Facial Recognition (AFR). The gas station photographs were loaded into the program which yielded a 100% return identifying the subject as Russell Roquemore with a date of birth as XX/XX/2002. Detective Keck confirmed the individual depicted in the video was Russell Roquemore.

33. Detective Isaacson reviewed "Paul's iPhone" within the Berla iVe digital report which showed 251 contacts were captured when "Paul's iPhone" was synced to the Ford Bronco.

34. Detective Isaacson located the contact name "Russ" with a cellphone number of **346-210-7043** within the 251 contacts.

35. Detective Isaacson also located another iPhone device that was connected to the Ford Bronco on October 26, 2023, at 9:06:33 am. Detective Isaacson identified the iPhone's unique identifying number as 2CC2537EE908 and a subscriber phone number of **346-210-7043.** The service provider for the phone number is Verizon.

36. Detective Isaacson conducted an open search through the popular financial application "Cash App" and searched the phone number **346-210-7043** which showed the phone number is associated with the name Russell Roquemore ($Kingruss6).

37. On November 2, 2023, Detective Isaacson drafted a search warrant to track the device associated with the phone number 713-658-5668. The warrant was authorized by the Milwaukee County Circuit Court. On November 3, 2023 Detective. Keck received historical records associated with the phone number 713-658-5668. Detective Keck found the following relevant to this investigation:

    a. The listed user of the device is "Paul Banks."

    b. The cell site data associated with the phone number was consistent with moving with the Ford Bronco (compared with data obtained from the Berla iVe extraction), including being present in the area of the robbery at the time of the robbery as well as various locations investigators obtained video of the Ford Bronco and its occupants.

    c. The device was connected to cell sites in the area of Chicago O'Hare International Airport as late as 6:13am on October 28, 2023. The device was then connecting to cell sites in the area of George Bush International Airport at 8:23am on October 28, 2023.

38. On November 3, 2023, Detective Isaacson drafted a search warrant to track the device associated with the phone number 346-210-7043. The warrant was authorized by the Milwaukee County Circuit Court. On November 6, 2023. Detective Keck received historical

records associated with the phone number 346-210-7043. Detective Keck found the following relevant to this investigation:

    a. The listed user of the device is "Russell Roquemore".

    b. The cell site data associated with the phone number was consistent with moving with the Ford Bronco (compared with data obtained from the Berla iVe extraction), including being present in the area of the robbery at the time of the robbery as well as various locations investigators obtained video of the Ford Bronco and its occupants.

    c. The device connected to cell sites in the area of Chicago O'Hare International Airport as late as 6:13am on October 28, 2023. The device was then connecting to cell sites in the area of George Bush International Airport at 8:23am on October 28, 2023.

39. On October 28, 2023, (day after robbery) the Verizon account with the phone number 346-210-7043 was changed to 832-596-8820. The subscriber remained Russell Roquemore.

40. FBI Special Agent Rienerth informed Detective Keck that the AT&T account with the phone number 713-658-5668 was changed to 832-258-6943 on November 3, 2023.

41. Task Force Officer (TFO) Massari, who is employed as a United States Postal Inspector, followed up at various locations from the Ford Bronco's extraction report indicated the vehicle was at the Dick's Sporting Goods, located at 9899 76th Street, in the City of Kenosha, WI from 5:52pm to 6:02pm on October 26, 2023. TFO Massari obtained an image of the

suspects entering the Dick's Sporting Goods. In the photo, the suspects are wearing what appears to be the same sweatshirt and pants that the suspects were wearing during the robbery. Detective. Keck compared images of the suspects at Dicks with known images of Russell Roquemore and Paul Banks. Detective Keck identified the people at Dicks to be Russell Roquemore, (wearing the grey pants) and Paul Banks (wearing the black pants).

42. Search warrants were obtained by Detective Isaacson through the Milwaukee County Circuit Court to obtain live cell site and other precision location information from AT&T related to phone number 832-258-6943 and from Verizon related to phone number 832-596-8820. This information has been analyzed by Det. Keck. After returning to Houston, TX the day after the robbery, the devices have remained in the Houston metropolitan area.

## AUTHORIZATION REQUEST & MANNER OF EXECUTION

43. I request that the Court issue the proposed search warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c) and 2711.

44. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this application and the accompanying warrant are intended to comply with requirements set forth in 18 U.S.C. §§ 3122-3123.

45. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

46. In my training and experience, I have learned that Verizon Wireless is a company with its headquarters located within the United States and provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of cellular devices to which they provide service. That information includes (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, (2) cell-site data, also known as "tower/face information" or cell tower/sector records, and (3) timing advance or engineering data commonly referred to as per call measurement data (RTT, True Call, LDBoR, or equivalent). E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.

47. I request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the target cellular device would seriously jeopardize the ongoing investigation. Such disclosure would give that person an opportunity to destroy evidence, change

patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is a reasonable necessity for the use of the techniques described. *See* 18 U.S.C. § 3103a(b)(2). As further specified in the attachment, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is a reasonable necessity for that seizure. *See* 18 U.S.C. § 3103a(b)(2).

48. I further request the following information from the service provider: the installation and use of a pen register trap and trace device, all real-time precision location information, including E-911 Phase II data, GPS data, and latitude-longitude data, real time cell site information, and per call measurement or timing advance data (RTT, True Call, LDBoR, or equivalent) beginning 30 days from the date the warrant is issued.

49. I further request call detail records and data reports (voice, SMS, MMS), including cell site location information, originating and destination IP addresses, per call measurement or timing advance data (RTT, True Call, LDBoR, or equivalent) for the past 30 days.

50. I further request subscriber and extended subscriber information, handset identifiers, handset make and model, Wi-Fi MAC address, and account notes and memos for the target device.

51. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the target cellular device outside of daytime

hours.

52. I further request that the pen register / trap and trace device be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the Target Cellular Device; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the Target Cellular Device; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the Target Cellular Device.

53. I further request that the Court order all documents in support of this application, including the affidavit and search warrant, be sealed until further order by the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize the investigation. I further request that the Court order any service provider, or their representatives, not to disclose the existence of this warrant or investigation unless ordered to do so by the Court.

54. A search warrant may not be legally necessary to authorize all of the investigative techniques described. Nevertheless, I submit this warrant application out of an abundance of caution.

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device with account associated to Phone Number 832-596-8820, whose wireless provider is Verizon Wireless.

This Warrant also serves as a Pen Register order under 18 U.S.C. § 3123. The Court makes the following findings: The account associated to Russell Roquemore is the account to whom the pen register or trap and trace device is to be attached/applied and who is the subject of the criminal investigation; The account associated to Phone Number 832-596-8820 is the account to which the device is to be attached; and Title 18, United States Code, Sections 2113(a) (Bank Robbery) is the offense, to which information relates; and

The attorney for the government has certified to this Court that the information likely to be obtained by the installation and use of the pen register or trap and trace device is relevant to an ongoing criminal investigation by the Federal Bureau of Investigation.

# ATTACHMENT B

## Particular Things to Be Seized

## from Device Service Provider

1. Information about the target cell phone and its location, later referred to collectively as location information, includes all precision location information, E-911 Phase II data, GPS data, latitude-longitude data, per call measurement or timing advance data (RTT, True Call, LDBoR, or equivalent), and real time cell site information for 30 days beginning from the date the warrant was issued. This includes initiating a signal to determine the location of the target cell phone on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times directed by the government. The information includes monitoring non-content signaling and routing information, including all non-content packet switched data, through the furnishing of information, facilities, technical assistance, and the installation and use of a pen register and trap and trace device pursuant to 18 U.S.C. §§ 3123-3124 by the service provider and the Federal Bureau of Investigation. Because the request for such location data may include use of a "pen register" or a "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the application and the warrant are designed to comply with the Pen Register Statute as well as Rule 41. The application therefore includes all information required for and serves as a pen register application, 18 U.S.C. § 3123(a); similarly, the warrant therefore includes all the information required for and serves as a pen register order, 18 U.S.C. § 3123(b).

2. All subscriber and extended subscriber information, handset identifiers, handset make and model, WI-FI MAC address, and account notes and memos pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §2703(c).

3. Call detail records and data reports with cell site location information for voice, SMS, MMS, and data connections, originating and destination IP addresses, and per call

measurement or timing advance data (RTT, True Call, LDBoR, or equivalent) for the past thirty (30) days pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. §2703(c).

4. To the extent that the information described is within the possession, custody, or control of the service provider, the service provider is required to disclose all location information to the government and provide all technical assistance necessary to accomplish the collection of the location information unobtrusively and with as little interference as possible.

5. This pen register / trap and trace device shall be transferable to any changed dialed number subsequently assigned to a device bearing the same ESN, IMSI, or SIM as the Target Cellular Device; any changed ESN, IMSI, or SIM subsequently assigned the same dialed number as the Target Cellular Device; or any additional changed dialed number, ESN, IMSI, or SIM listed to the same subscriber account as the Target Cellular Device.

6. The government shall compensate the service provider for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant, order, or investigation to any third party unless ordered to do so by the Court. Additionally, the agency requests that all court orders and supporting documents, including the affidavit and search warrant, be sealed until further order by the Court.

7. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the information described. *See* 18 U.S.C. § 3103a(b)(2).